# UNITED STATES DISTRICT COURT
### District of New Mexico

| UNITED STATES OF AMERICA | Judgment in a Criminal Case |
|---|---|
| V. | (For **Revocation** of Probation or Supervised Release) |
| **Omar Hugo Trejo-Rodriguez** | Case Number: **2:09CR01606-001JB** |
| | USM Number: **49416-051** |
| | Defense Attorney: **Margaret Katze, Appointed** |

THE DEFENDANT:

☒  admitted guilt to violations of condition(s)  **MC**  of the term of supervision.
☐  was found in violation of condition(s)    after denial of guilt.

The defendant is adjudicated guilty of these violations:

| *Violation Number* | *Nature of Violation* | *Violation Ended* |
|---|---|---|
| 1 | MC - The defendant committed another federal, state, or local crime. | 10/13/2010 |

The defendant is sentenced as provided in pages 1 through **3** of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐   The defendant has not violated condition(s)    and is discharged as to such violation(s).

IT IS FURTHER ORDERED that the defendant must notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States attorney of material changes in economic circumstances.

| **None** | **September 14, 2012** |
|---|---|
| Last Four Digits of Defendant's Soc. Sec. No. | Date of Imposition of Judgment |
| **1978** | **/s/ James O. Browning** |
| Defendant's Year of Birth | Signature of Judge |
| | **Honorable James O. Browning** |
| **Compton, CA** | **United States District Judge** |
| City and State of Defendant's Residence | Name and Title of Judge |
| | **December 4, 2012** |
| | Date Signed |

Defendant: **Omar Hugo Trejo-Rodriguez**
Case Number: **2:09CR01606-001JB**

# IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of **67 days or time served, whichever is less** .

**A term of supervised release is not reimposed.**

**Defendant Omar Trejo-Rodriguez, pursuant to U.S.S.G. § 7B1.1, has committed a Grade B violation of his supervised release. Trejo-Rodriguez` criminal history is category V. His advisory guidelines sentence is 18 to 24 months pursuant to U.S.S.G. § 7B1.4.**

**The Court believes that a sentence of 67 days imprisonment, or time served, with no further term of supervised release, adequately reflects the seriousness of the crime that Trejo-Rodriguez has committed and will promote respect for the law, provide just punishment, and afford adequate deterrence. While the sentence varies from the suggested range under the Sentencing Guidelines, it is a more reasonable sentence and more faithfully promotes the sentencing goals Congress set forth in 18 U.S.C. § 3553(a).**

**The Court notes that Trejo-Rodriguez violated a condition of his supervised release, committing another federal crime in illegally reentering the United States. The Court has considered the guidelines, but, in arriving at its sentence, has taken into account not only the guidelines but other sentencing goals. The Court has carefully considered the parties` arguments in this case and Trejo-Rodriguez` circumstances. Trejo-Rodriguez was very recently released after serving an 24-month sentence in the Southern District of California for the offense of illegal re-entry. Because the Court often runs sentences for supervised release violations concurrently with the sentence imposed for the offense of which the defendant is convicted, the Court believes that the 24-month sentence and the additional 67 days, or time served, that he has thus far served in this District immediately after his release provides just punishment for the offense. If Trejo-Rodriguez comes back into the United States again, his criminal history category would be level VI, and his time of incarceration would go up. That Trejo-Rodriguez has been advised of this fact by the Court and his attorney provides adequate deterrence. Trejo-Rodriguez represents to the Court that, although he knew it was unlawful, he re-entered the United States to care for his ailing parents. Because the underlying offense was not violent, this sentence adequately protects the public. The Court notes that, in addition to Trejo-Rodriguez` 24-month sentence in California being equivalent to the high end of a guidelines sentence for his supervised release violation here, the United States generally and the District of New Mexico specifically is phasing out supervised release for defendants who are deported after sentencing. A sentence of 67 days, or time served, thus avoids unwarranted sentencing disparities among defendants with similar records who have been found guilty of similar conduct. This sentence, therefore, adequately reflects the seriousness of the offense, promotes respect for the law, provides just punishment, affords adequate deterrence, protects the public, avoids unwarranted sentencing disparities among similarly situated defendants, and otherwise fully reflects each of the factors embodied in 18 U.S.C. § 3553(a). This sentence of time served, in light of Trejo-Rodriguez having just recently been released from serving a 24-month sentence in California, reflects the seriousness of the offense and promotes respect for the law. While the Court`s task, as a district court, is not to arrive at a reasonable sentence -- it is to come up with one that reflects the factors in 18 U.S.C. § 3553(a), see United States v. Conlan, 500 F.3d 1167, 1169 (10th Cir. 2007)("[A] district court`s job is not to impose a reasonable sentence. Rather, a district court`s mandate is to impose a sentence sufficient, but not greater than necessary, to comply with the purposes of section 3553(a)(2)." (citation omitted)) -- the Court believes this sentence is reasonable. And perhaps most important in this calculation, the Court believes that this sentence is sufficient without being greater than necessary to comply with the purposes of punishment Congress set forth in the Sentencing Reform Act of 1984, Pub. L. No. 98-473, 98 Stat. 1987 (codified as amended in scattered sections of 18 U.S.C.). The Court sentences Trejo-Rodriguez to 67 days imprisonment, or time served.**

☐    The court makes these recommendations to the Bureau of Prisons:


☒    The defendant is remanded to the custody of the United States Marshal.
☐    The defendant shall surrender to the United States Marshal for this district:
    ☐    at  on
    ☐    as notified by the United States Marshal.

☐ The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:
    ☐ before 2 p.m. on
    ☐ as notified by the United States Marshal
    ☐ as notified by the Probation or Pretrial Services Office.

## RETURN

I have executed this judgment as follows:

Defendant delivered on _____ to
_____ at _____ with a certified copy of this judgment.

_____
UNITED STATES MARSHAL

By _____
DEPUTY UNITED STATES MARSHAL